**Anthony PARK, Individually on Behalf of Himself and on Behalf of All Others Similarly Situated, Plaintiff,**

v.

**The THOMSON CORPORATION and Thomson Legal & Regulatory, Inc., Defendants.**

No. 05 Civ. 2931 (WHP).

United States District Court, S.D. New York.

April 2, 2009.

---

Brian P. Murray, Esq., Murray, Frank & Sailer, LLP, New York, NY, for Plaintiff.

Steven F. Molo, Esq., Sherman & Sterling LLP, New York, NY, for Defendants.

John J. Pentz, Esq., Class Action Fairness Group, Maynard, MA, for the Schneider Objectors.

Jeffrey L. Weinstein, Esq., Jeffrey L. Weinstein, P.C., Athens, TX, for Objector Walsh.

## MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

By Memorandum and Order dated October 22, 2008, this Court granted final approval of a settlement in this class action over the objections of certain class members. John J. Pentz, Esq. ("Pentz"), who represented objectors George Schneider, Jonathan M. Slomba, and James Puntumapanitch (the ·"Schneider Objectors"), and Jeffrey L. Weinstein, Esq. ("Weinstein"), who represented objector Bonner Walsh ("Walsh" and collectively with the Schneider Objectors, the "Objectors") move for attorneys' fees, reimbursement of expenses, and incentive awards. For the following reasons, the Objectors' motions for attorneys' fees, reimbursement of expenses and incentive awards are granted in part, and denied in part.

## BACKGROUND

The factual background underlying this action is described in this Court's prior memoranda and orders, *Park v. Thomson Corp.*, No. 05 Civ. 2931(WHP), 2007 WL 119461 (S.D.N.Y. Jan. 11, 2007) and *Park v. Thomson Corp.*, No. 05 Civ. 2931(WHP), 2008 WL 4684232 (S.D.N.Y. Oct. 22, 2008).

On November 30, 2007, the parties entered into a Stipulation and Settlement Agreement (the "Initial Settlement"), which this Court preliminarily approved on December 7, 2007. Following a fairness hearing on April 1, 2008, the parties submitted a Stipulation and Amendment to the Stipulation and Settlement Agreement dated July 29, 2008 (the "Amended Settlement"). The Objectors contend that their objections to the Initial Settlement led to

improvements in the Amended Settlement. Specifically, the Schneider Objectors argue that their objections: (1) led to the elimination of a $40 cap on claims submitted by class members; (2) dispensed with the need for any class member in *Rodriguez v. West Publishing Corp.*, No. 05 Civ. 3222 (R(MCx)X), 2007 WL 2827379 (C.D.Cal. Sept. 10, 2007), to submit an additional claim in this action; and (3) and highlighted two cases that guided this Court's award of Plaintiffs' attorneys' fees. Walsh argues that in addition to the elimination of the $40 cap on damages, his objections: (1) resulted in automatic payment being sent to some class members without the filing of a claim; and (2) more clearly defined the class.

## DISCUSSION

### I. *Objectors' Attorneys' Fees*

This Court is mindful that "it is desirable to have as broad a range of participants in the class action fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally, and that this participation is encouraged by permitting lawyers who contribute materially to the proceeding to obtain a fee." *Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682, 687 (7th Cir.2008) (quoting *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 288 (7th Cir.2002)). "[O]bjectors have a valuable and important role to perform in policing class action settlements," *In re Indep. Energy Holdings PLC Sec. Litig.*, 00 Civ. 6689(SAS), 2003 WL 22801724, at *1 (S.D.N.Y. Nov. 24, 2003) (citing *White v. Auerbach*, 500 F.2d 822, 828 (2d Cir.1974)), and therefore "are entitled to an allowance as compensation for attorneys' fees and expenses where a proper showing has been made that the settlement was improved as a result of their efforts," *White*, 500 F.2d at 828. Courts in this district have recog-

nized that objectors' counsel are entitled to an award of fees even where the Court would have likely reached the same result, with or without the objectors' comments. *See, e.g., In re Indep. Energy Holdings*, 2003 WL 22801724, at *1; *In re AOL Time Warner ERISA Litig.*, No. 02 Cv. 8853(SWK), 2007 WL 4225486, at *2 (S.D.N.Y. Nov. 28, 2007); *Frankenstein v. McCrory Corp.*, 425 F.Supp. 762, 767 (S.D.N.Y.1977); *see also Green v. Transition Electr. Corp.*, 326 F.2d 492, 498–99 (1st Cir.1964) (it is "unfair to counsel when, seeking to protect his client's interest and guided by facts apparent on the record, he spends time and effort to prepare and advance an argument which is ultimately adopted by the court, but then receives no credit therefor because the court was thinking along that line all the while"). Some courts have also "rewarded objectors' counsel for advancing non-frivolous arguments and transforming the settlement hearing into a truly adversarial proceeding." *In re AOL Time Warner*, 2007 WL 4225486, at *2 (citing *Frankenstein*, 425 F.Supp. at 767) (internal quotation marks omitted). However, "the trial judge has broad discretion in deciding whether, and in what amount, attorneys' fees should be awarded, since he is in the best position to determine whether the participation of objectors assisted the court and enhanced the recovery." *White*, 500 F.2d at 828.

At the fairness hearing, this Court expressed its concerns with the Initial Settlement, particularly the $40 cap on damages and the creation of a *cy pres* fund. While this Court essentially invited the parties to amend their proposed settlement in light of the Court's misgivings, the Objectors helped transform the fairness hearing into a "truly adversarial proceeding." *In re AOL Time Warner*, 2007 WL 4225486, at *2 (citing *Frankenstein*, 425

F.Supp. at 767) (internal quotation marks omitted). Accordingly, Objectors' counsel are entitled to an award of fees.

■ "[B]oth the lodestar and the percentage of the fund methods are available to district judges in calculating attorneys' fees in common fund cases." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir.2000). "[W]hether calculated pursuant to the lodestar or the percentage method, the fees awarded in common fund cases may not exceed what is reasonable under the circumstances." *Goldberger*, 209 F.3d at 47 (citations and internal quotation marks omitted).

■ Under the lodestar method, the district court "scrutinizes the fee petition to ascertain the number of hours reasonably billed and then multiplies that figure by an appropriate hourly rate." *Goldberger*, 209 F.3d at 47 (citing *Savoie v. Merchants Bank*, 166 F.3d 456, 460 (2d Cir. 1999)). However, "a district court can exclude excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of hours." *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir.1997) (citing *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 237–38 (2d Cir.1987)); *see also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir.1998) (after reviewing counsel's time records, a court "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.") (internal quotation marks and citation omitted); *United States ex rel. Miller v. Bill Harbert Intern. Const.*, 601 F.Supp.2d 45, 50 (D.D.C.2009) ("the Court can also reduce fees 'by a reasonable amount without providing an item-by-item accounting.'")(quoting *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C.Cir.2004)).

## A. *Pentz*

### 1. *Lodestar*

■ Pentz seeks an award based on the 84.75 hours he billed, in addition to 12.6 hours billed by local counsel. He submits a billing summary for the work he and his local counsel performed. Utilizing Pentz's rate of $450 per hour, and the variable rates of his local counsel, yields a lodestar of $41,907.50. Pentz also requests a 1.5 multiplier, which would result in an award of $62,861.25.

Pentz's billing summary reveals some time entries that are excessive or amount to block billing. Several are illustrative: 5.0 hours for "Reviewed Rule 11 motion and drafted response Letter to Katriel; t/c/w Jeff Weinstein"; 3.5 hours for "Reviewed Katriel letter to Judge Pauley requesting Delay of fairness hearing; drafted opposition letter"; 11.0 hours for "Prepared for and attended Fairness Hearing and return Travel NYC to Massachusetts"; 2.5 hours for "Attention to breach of confidentiality issue re: Exxon Appeal; drafted letter to 7th Circuit administrator; emails To Katriel and Steve Molo"; 10.0 hours for "Went to court for 10:30 conference; t/c/t Katriel; t/c/t Weinstein; met w/ Weinstein re: pre-motion conference; met w/attorney Tallon, attended pre-motion conference, return travel to Boston". (Declaration of John J. Pentz dated Nov. 14, 2008 at 2–4.)

Billing 5 hours for review of a Rule 11 motion that was never filed and 10 hours (including travel) for a pre-motion conference concerning the Objectors' application for fees are indicative of the surplusage in the fee application. This Court need not conduct a line-by-line analysis. *See Bill Harbert Intern. Const.*, 2009 WL 481644, at *3. Therefore, a 20% reduction in Pentz's lodestar is warranted. *See In re Indep. Energy Holdings*, 2003 WL

22801724, at *2 (fifty-percent reduction in lodestar warranted where fee request was excessive given the results achieved).

### 2. *Multiplier*

██ Pentz seeks a multiplier of 1.5. "[T]he district court may, in its discretion, increase the lodestar by applying a multiplier based on other less objective factors, such as the risk of the litigation and the performance of the attorneys." *Goldberger*, 209 F.3d at 47 (internal quotation marks omitted). In granting final approval of the Amended Settlement and class counsel's motion for attorneys' fees, this Court awarded class counsel a 1.5 multiplier. That multiplier was based, *inter alia*, on class counsel's involvement with this action since filing the complaint in March 2005 and the significant risks attendant to the litigation. However, Pentz did not appear in this action until three years later and the time that he devoted to this matter spanned a far shorter interval. Therefore, this Court will not apply a multiplier to Pentz's lodestar. Accordingly, Pentz's fee award is $33,526.

### B. *Weinstein*

#### 1. *Lodestar*

██ Weinstein seeks a fee award for 213.4 hours expended by four attorneys. Utilizing rates of $500 per hour for Weinstein and one of his colleagues, D.J. Powers ("Powers"), $450 for local counsel, and $175 per hour for an associate, Weinstein claims a lodestar of $99,638 and requests a multiplier of "at least 4."

Unlike Pentz, Weinstein provide no billing records or statement of time expended. Instead, he asserts that 213.4 hours were expended by four attorneys "on this case." (Declaration of Jeffrey Weinstein dated Aug. 13, 2008 at 1.) While offering no details regarding the 47.5 hours he spent on this case, Weinstein submits a list of generic tasks performed by Powers, who billed 137.4 hours without allocating any time to any particular task. (Declaration of D.J. Powers dated Aug. 11, 2008 at 2.) Powers's list of work includes eight plain vanilla statements like: "Review of the settlement documents and case pleadings"; "Research regarding antitrust claims, *cy pres* awards, caps on settlement payments, claims requirements, and other issues." It does not even qualify as block billing.

Moreover, it would be a challenge to reconcile the significant discrepancy between the 97.35 hours billed by Pentz and the 213.4 hours billed by Weinstein. Both were involved in this action for nearly identical periods of time and filed substantially similar objections. Weinstein offers no support for his lodestar and asks this Court to accept his *ipse dixit*. Because Weinstein's fee application does not provide this Court with any basis to assess its reasonableness, it will be evaluated employing Pentz's time as the yardstick. Thus, taking 97.35 hours as the time expended by Weinstein and multiplying it by a blended rate of $406.25 per hour—the average hourly rate for the four attorneys representing Walsh—Weinstein's lodestar is $39,548.

Given this Court's trimming of Pentz's lodestar, Weinstein's lodestar warrants further reduction. In this Court's view, a 35% reduction appears modest.

#### 2. *Multiplier*

Weinstein seeks a multiplier of "at least 4." That casual demand is as imprecise and unreasonable as Weinstein's sparse fee application. This Court declines to award Weinstein a multiplier. Accordingly, Weinstein's fee award is $25,706.

## II. *Expenses*

██ "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their

**14**

clients." *Miltland Raleigh–Durham v. Myers,* 840 F.Supp. 235, 239 (S.D.N.Y. 1993).

A. *Pentz*

Pentz seeks reimbursement of $1,786.85. While he submits receipts for travel and meal-related expenses along with this request totaling only $1,215.64, the Court is satisfied that the expenses incurred were reasonable, and that any additional expenses for which receipts were not provided "were incidental and necessary" to the representation of the Schneider Objectors. *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.,* 818 F.2d 278, 283 (2d Cir.1987); *see also In re Indep. Energy Holdings,* 2003 WL 22801724, at *2 n. 1 (granting reimbursement of modest expenses even where counsel did not seek reimbursement in his moving papers). Accordingly, this Court grants Pentz's reimbursement of $1,786.85 in expenses.

B. *Weinstein*

■■ Weinstein seeks reimbursement of $3,766. As with his fee application, Weinstein provides no support for this request, other than indicating that he expended $2,619 for travel, $817 for court/transcript fees, and $330 for postage/delivery. While this Court takes judicial notice of the fact that Weinstein traveled to this Court from Texas, he participated in the second fairness hearing via telephone. Accordingly, the Court reduces Weinstein's request and grants Weinstein $2,000 as reimbursement for his expenses.

III. *Incentive Award*

■■ Both Pentz and Weinstein seek an "Incentive Award" of $2,500 for each objector. "The amount of the incentive award is related to the personal risk incurred by the individual or any additional effort expended by the individual for the

benefit of the lawsuit." *Fears v. Wilhelmina Model Agency, Inc.,* No. 02 Civ. 4911(HB), 2005 WL 1041134, at *3 (S.D.N.Y. May 5, 2005).

The Objectors argue they are entitled to an award because they faced the risk of a Rule 11 sanctions motion threatened by Plaintiffs' counsel. As previously noted, that motion was never filed. In addition, Rule 11 sanctions are a risk borne by all litigants. Accordingly, the requests for an "Incentive Award" are denied.

*CONCLUSION*

As Judge Posner cogently observed "[a] proper attorneys' fee award is based on success obtained *and* expense (including opportunity cost of time) incurred." *Mirfasihi,* 551 F.3d at 687. Whether the expense to the parties will be increased because of an appeal by these Objectors is a matter beyond this Court's control. But to paraphrase Judge Posner: this case should be *finito.*

For the foregoing reasons, the motions for attorneys' fees, reimbursement of expenses and an incentive award are granted in part, and denied in part. John J. Pentz, counsel for objectors George Schneider, Jonathan M. Slomba, and James Puntumapanitch, is awarded $33,526 in attorneys' fees and $1,786.85 in expenses. Jeffrey L. Weinstein, counsel for objector Bonner Walsh is awarded $25,706 in attorneys' fees and $2,000 in expenses. Plaintiff is directed to submit a proposed final judgment consistent with this Order.

SO ORDERED.